IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER V. LUCAS,

     Plaintiff,　　　　　　　　　　No. CIV S-04-0586 GEB CMK P

   vs.

B. ARNOLD, et al.,

     Defendants.

_____/　　　　ORDER

     Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). Currently pending before the court are plaintiff's motion to amend his complaint and amended complaint filed on November 18, 2005. (Doc. 50.)

     A party may amend the party's pleading once as a matter of right before a responsive pleading is served. See Fed. R. Civ. P 15(a).  Otherwise, a party may amend his pleading only by leave of the court and leave to amend shall be freely given when justice so requires.  See id.  Plaintiff seeks to amend his complaint so as to not include defendant Millermon who cannot be located for service, despite repeated efforts.  Plaintiff has attached an amended complaint to his motion to amend.  The court finds that the amended complaint is reasonably related to the original complaint and that granting leave to amend will speed the

resolution of this action.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Good cause appearing, the court grants plaintiff leave to amend his complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff states that he was transported to a hospital facility for treatment for heart problems.  When he arrived at the hospital, he was not asked to remove his state-issued prison pants.  Two days later, a nurse entered plaintiff's room to check

1  plaintiff's heart monitoring machine and intravenous needles.  Defendant correctional officer B.
2  Arnold and another officer came into plaintiff's room with the nurse.  Plaintiff states that the
3  officers began harassing him about wearing his state-issued prison pants.  Plaintiff states that,
4  after the nurse left the room, the defendant Arnold began using racial slurs toward plaintiff.
5  Plaintiff states that defendant Arnold said "Yo black boy, take those pants off now" and accused
6  plaintiff of being a "bad ass black boy."  Plaintiff states that defendant Arnold approached
7  plaintiff's bedside, removed plaintiff's leg shackles and pulled plaintiff's pants down to his knees.
8  Plaintiff attempted to pull his pants up, because he believed that defendant Arnold was attempting
9  to rape him.  At this time, plaintiff states that defendant Arnold ripped off his heart monitoring
10  machine and ripped out one of his intravenous needles.   Plaintiff states that he was then sprayed
11  in the face with pepper spray by the other officer while defendant Arnold again attempted to
12  remove his pants.
13         Plaintiff assigns liability to defendant Arnold for violations of the Eighth and
14  Fourteenth Amendments.  Plaintiff assigns liability to John Doe, the Director of the California
15  Department of Corrections, under a theory of supervisory liability.
16         Delay of, or interference with, medical treatment can amount to deliberate
17  indifference to the serious medical needs of a prisoner in violation of the Eighth Amendment.
18  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  The use of excessive force can violate
19  the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The undersigned,
20  therefore, finds that the amended complaint states a cognizable Eighth Amendment claim for
21  relief against defendant Arnold pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).
22         Plaintiff's amended complaint does not, however, state a cognizable Fourteenth
23  Amendment claim for relief against defendant Arnold.  Fourteenth Amendment Equal protection
24  claims arise when a charge is made that similarly situated individuals are treated differently
25  without a rational relationship to a legitimate state purpose.  See San Antonio School District v.
26  Rodriguez, 411 U.S. 1 (1972).  The Fourteenth Amendment's equal protection clause protects

1  prisoners from discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 566 (1974).
2  While plaintiff has alleged that defendant Arnold directed racial slurs towards him, he has not
3  alleged that he was treated differently, on the basis of his race, from other similarly situated
4  prison inmates.  See Washington v. Davis, 426 U.S. 229, 239-40.  Plaintiff will be given leave to
5  amend his Fourteenth Amendment Equal Protection claim against defendant Arnold in
6  accordance with the standard set forth above.

7              Should plaintiff choose to file a second amended complaint, plaintiff is informed
8  that the court cannot refer to a prior pleading in order to make plaintiff's second amended
9  complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself
10  without reference to any prior pleading.  This is because, as a general rule, an amended complaint
11  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
12  plaintiff files a second amended complaint, the original pleading no longer serves any function in
13  the case.  In other words, if plaintiff chooses to amend his Fourteenth Amendment claim against
14  defendant Arnold, his second amended complaint must include both his cognizable Eighth
15  Amendment claim against defendant Arnold as well as plaintiff's amended Fourteenth
16  Amendment claim.

17              Plaintiff's amended complaint fails to state a cognizable claim against defendant
18  John Doe, Director of the California Department of Corrections.  Because it does not appear
19  possible that the deficiencies in plaintiff's claim against John Doe can be cured by amending his
20  compliant, the undersigned recommends dismissal of plaintiff's claims against this defendant in
21  separately filed findings and recommendations.  See Lopez, 203 F.3d at 1131.

22              Accordingly, IT IS HEREBY ORDERED that:

23              1.  Plaintiff's motion to file an amended complaint is granted.

24              2. The Clerk of the Court is directed to file plaintiff's amended complaint,
25  which is attached to plaintiff's November 18, 2005 (doc. 50) motion to amend.

26              3. Plaintiff's amended complaint fails to state a cognizable Fourteenth

4

Amendment claim for relief against defendant Arnold for the reasons discussed above.

    4. Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint will result in a recommendation that the Fourteenth Amendment claim against defendant Arnold be dismissed from this action.

    5. Upon filing of a second amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process on defendant Arnold.

DATED: December 4, 2005.

                   /s/ Craig M. Kellison
                   **CRAIG M. KELLISON**
                   UNITED STATES MAGISTRATE JUDGE