IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER V. LUCAS, | | |
| Plaintiff, | | No. CIV S-04-0586 GEB CMK P |
| vs. | | |
| B. ARNOLD, et al., | | |
| Defendants | | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

      Plaintiff, a state prisoner, proceeding pro se and in forma pauperis brings this action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is plaintiff's motion to amend his complaint and amended complaint, which were filed on November 18, 2005. (Doc. 50.)

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  A complaint, or portion thereof, should be dismissed without leave to amend only if it appears without a doubt that deficiencies identified therein cannot be cured by amending the complaint.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

I.    Background

In his amended complaint, plaintiff states that he was transported to a hospital facility for treatment for heart problems.  When he arrived at the hospital, he was not asked to remove his state-issued prison pants.  Two days later, a nurse entered plaintiff's room to check plaintiff's heart monitoring machine and intravenous needles.  Defendant correctional officer B. Arnold and another officer came into plaintiff's room with the nurse.  Plaintiff states that the officers began harassing him about wearing his state-issued prison pants.  Plaintiff states that, after the nurse left the room, the defendant Arnold began using racial slurs toward plaintiff. Plaintiff states that defendant Arnold said "Yo black boy, take those pants off now" and accused plaintiff of being a "bad ass black boy."  Plaintiff states that defendant Arnold approached plaintiff's bedside, removed plaintiff's leg shackles and pulled plaintiff's pants down to his knees. Plaintiff attempted to pull his pants up, because he believed that defendant Arnold was attempting to rape him.  At this time, plaintiff states that defendant Arnold ripped off his heart monitoring machine and ripped out one of his intravenous needles.   Plaintiff states that he was then sprayed in the face with pepper spray by the other officer while defendant Arnold again attempted to remove his pants.

Plaintiff assigns liability to defendant Arnold for violations of the Eighth and Fourteenth Amendments.  Plaintiff assigns liability to John Doe, the Director of the California Department of Corrections, under a theory of supervisory liability.

**II.     Analysis**

Plaintiff's complaint against defendant John Doe, Director of the California Department of Corrections,  is deficient because it fails to show personal liability on the part of this defendant in the alleged denial of plaintiff's civil rights.

A plaintiff must connect the named defendants clearly with the claimed denial of his rights. See Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994); see also, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk").  "[L]iability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983." Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); see also  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Plaintiff can show no personal liability on the part of defendant John Doe, Director of the California Department of Corrections.   In his complaint, plaintiff states that "....defendant Arnold's behavior, not in accordance with CDC policy and procedure, was due to a lack of proper training from Defendant John Doe (the Director of the CDC) whom is responsible ultimately for defendant Arnold's actions..."  (Am. Compl. at 5.)

Because it does not appear possible that the deficiencies in plaintiff's claim against John Doe, Director of the California Department of Corrections, identified herein can be cured by amending the complaint, plaintiff is not entitled to amend his claim before dismissal.  See Lopez, 203 F.3d at 1131.

### III.     Conclusion

Based on the foregoing, IT IS RECOMMENDED that plaintiff's claim against defendant John Doe, Director of the California Department of Corrections, be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 28, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE