IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER V. LUCAS,

       Plaintiff,                    No. CIV S-04-0586 GEB CMK P

vs.

B. ARNOLD, et al.,

       Defendants.

_____/              <u>ORDER</u>

       Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's motion to file a second amended complaint, which was filed on December 27, 2005. (54.)

       On December 7, 2005, the court issued an order granting plaintiff's November 18, 2005 motion to file an amended complaint. (Doc. 51.) In the December 7, 2005 order, the court screened plaintiff's amended complaint and found that the complaint stated a cognizable claim Eighth amendment claim against defendant Arnold but did not state a cognizable Fourteenth Amendment claim against Defendant Arnold. Accordingly, the court granted plaintiff thirty days to file a second amended complaint. The court cautioned plaintiff that failure to file a second amended complaint would result in the case moving forward on plaintiff's November 18, 2005

and a recommendation that the Fourteenth Amendment claim against defendant Arnold be dismissed.  In a separate order filed on December 29, 2005, the court recommended that the claim against defendant Doe in plaintiff's November 18, 2005 amended complaint be dismissed for failure to state a claim.

As plaintiff was directed by the court in its December 7, 2005 order to file an amended complaint, plaintiff is not required to seek leave of the court to file a second amended complaint. Accordingly, plaintiff's second amended complaint, attached to his December 27, 2005 motion as exhibit Y, is deemed filed on December 27, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex

1  Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).
4     In his amended complaint, plaintiff states that he was transported to a hospital
5  facility for treatment for heart problems on August 1, 2002.  When he arrived at the hospital, he
6  was not asked to remove his state-issued prison pants, which, along with the handcuffs used to
7  shackle him to the bed, identified him as an incarcerated person.  Two days later, a nurse entered
8  plaintiff's room to check plaintiff's heart monitoring machine and intravenous needles.
9  Defendant correctional officer B. Arnold and another officer came into plaintiff's room with the
10 nurse.  Plaintiff states that the officers began harassing him about wearing his state-issued prison
11 pants.  Plaintiff states that, after the nurse left the room, the defendant Arnold began using racial
12 slurs toward plaintiff.  Plaintiff states that defendant Arnold said "You black boy, take the damn
13 pants off now" and accused plaintiff of being a "bad ass black boy from New Folsom."
14    Plaintiff states that defendant Arnold pulled the room's curtains closed to cover the
15 windows and closed the door to the room.  Defendant Arnold allegedly approached plaintiff's
16 bedside, removed plaintiff's leg shackles and pulled plaintiff's pants down to his knees.  Plaintiff
17 attempted to pull his pants up, because he believed that defendant Arnold was attempting to rape
18 him.  At this time, plaintiff states that defendant Arnold ripped off his heart monitoring machine
19 and ripped out one of his intravenous needles.   Plaintiff states that he was then sprayed in the
20 face with pepper spray by the other officer while defendant Arnold again attempted to remove his
21 pants.
22    Plaintiff assigns liability to defendant Arnold for violations of the Eighth and
23 Fourteenth Amendments.
24    Delay of, or interference with, medical treatment can amount to deliberate
25 indifference to the serious medical needs of a prisoner in violation of the Eighth Amendment.
26 See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  The use of excessive force can violate

3

the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The undersigned, therefore, finds that the amended complaint states a cognizable Eighth Amendment claim for relief against defendant Arnold pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Fourteenth Amendment Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).   The Fourteenth Amendment's equal protection clause protects prisoners from discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Fourteenth Amendment liberty interests can arise both from the Constitution and from state law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983). When deciding whether the Constitution itself protects an alleged liberty interest of a prisoner, a court should consider whether the practice in question is "within the normal range of custody which the conviction has authorized the state to impose."  Meachum v. Fano, 427 U.S. 215, 225 (1976).  Verbal harassment alone is insufficient to establish a constitutional deprivation under 42 U.S.C. § 1983.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Verbal harassment intended to humiliate or endanger the inmate, however, may violate the Constitution. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997).

To the extent that plaintiff is alleging a Fourteenth Amendment equal protection argument, his claim must fail as he has not alleged, beyond vague conclusory statements, that he was treated differently than similarly situated prisoners.  To the extent that plaintiff is alleging a Fourteenth Amendment liberty interest violation his claim may proceed.  Although, plaintiff's claim is inartfully pleaded, it does not appear beyond doubt that plaintiff could prove no set of facts which would entitle him to relief.  See Lopez, 203 F.3d at 1126, 1131.  Therefore, the court is reluctant to dismiss plaintiff's claim at this stage of the proceedings.

///

///

///

If the allegations of this second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110

Accordingly, IT IS ORDERED THAT:

1. Plaintiff was required to file a second amended complaint pursuant to the court's December 7, 2005 order and, therefore, was not required to seek leave of the court to file a second amended complaint;

2. Plaintiff's second amended complaint, which is attached as exhibit Y to his December 27, 2005 motion, is deemed filed as of December 27, 2005;

3. Service is appropriate for the following defendant: Defendant B. Arnold;

4. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed December 27, 2005.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Two copies of the endorsed amended complaint filed December 27, 2005.

///

///

///

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: January 6, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

|     |                                                                                      |
| --- | ------------------------------------------------------------------------------------ |
| 1   | IN THE UNITED STATES DISTRICT COURT                                                  |
| 2   | FOR THE EASTERN DISTRICT OF CALIFORNIA                                               |
| 3   | WALTER V. LUCAS,                                                                     |
| 4   | Plaintiff,                    No. CIV S-04-0586 GEB CMK P                            |
| 5   | vs.                                                                                  |
| 6   | B. ARNOLD, et al.,                                                                   |
| 7   | Defendants.               NOTICE OF SUBMISSION                                       |
| 8   | OF DOCUMENTS                                                                         |
| 9   | _____/                                                              |
| 10  | Plaintiff hereby submits the following documents in compliance with the court's      |
| 11  | order filed _____:                                                        |
| 12  | _____ completed summons form                                                        |
| 13  | _____ completed USM-285 forms                                                       |
| 14  | _____ copies of the _____                                                 |
|     |                         Second Amended Complaint                                     |
| 15  | DATED:                                                                               |
| 16  |                                                                                      |
| 17  |                                    _____                       |
|     |                                    Plaintiff                                         |