**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

WALTER V. LUCAS,                              No. CIV S-04-0586-GEB-CMK-P

        Plaintiff,

   vs.                                        <u>ORDER</u>

B. ARNOLD,

        Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff and defendants have submitted reports concerning the status of this case.  Pursuant to Federal Rule of Civil Procedure 16(b), the court will, by this order, set a schedule for this litigation.

        In due course, the parties will be required to file pre-trial statements in accordance with the schedule set forth below.  In addition to the matters already required to be addressed in the pre-trial statement in accordance with Eastern District of California Local Rule 16-281, plaintiff will be required to make a particularized showing in his pre-trial statement in order to obtain the attendance of witnesses.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pre-trial

1

statement. [1]

At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits; and (2) the testimony of witnesses.  It is plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order (called a writ of habeas corpus ad testificandum) unless it is satisfied that: (1) the prospective witness is willing to attend; and (2) the prospective witness has actual knowledge of relevant facts.

With the pre-trial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

1.   State the name, CDC Identification number, and address of each such witness; and

2.   Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1.   The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without

---

[1]     The court recognizes that in plaintiff indicated in his status report, that he will not be calling any witnesses.  Plaintiff is informed herein of the proper procedure to follow if he decides to call witnesses.

1   being subpoenaed.  The party must state in the affidavit when and where

2   the prospective witness informed the party of this willingness; or

3       2.       The party can serve and file an affidavit sworn to by the prospective

4   witness, in which the witness states that he or she is willing to testify

5   without being subpoenaed.

6   The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

7       1.       The party himself can swear by affidavit that the prospective witness has

8   actual knowledge.  However, this can be done only if the party has actual

9   firsthand knowledge that the prospective witness was an eyewitness or an

10   ear-witness to the relevant facts.  For example, if an incident occurred in

11   the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was

12   present and observed the incident, the plaintiff may swear to the cellmate's

13   ability to testify; or

14       2.       The party can serve and file an affidavit sworn to by the prospective

15   witness in which the witness describes the relevant facts to which the

16   prospective witness was an eye- or ear-witness.  Whether the affidavit is

17   made by the plaintiff or by the prospective witness, it must be specific

18   about what the incident was, when and where it occurred, who was

19   present, and how the prospective witness happened to be in a position to

20   see or to hear what occurred at the time it occurred.

21   The court will review and rule on the motion for attendance of incarcerated witnesses, specifying

22   which prospective witnesses must be brought to court.  Subsequently, the court will issue the

23   order necessary to cause the witness' custodian to bring the witness to court.

24         If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

25   testify voluntarily, the party should submit with his pre-trial statement a motion for the

26   attendance of such witnesses.  Such motion should be in the form described above.  In addition,

1  the party must indicate in the motion that the incarcerated witnesses are not willing to testify

2  voluntarily.

3          It is the responsibility of the party who has secured an unincarcerated witness'

4  voluntary attendance to notify the witness of the time and date of trial.  No action need be sought

5  or obtained from the court.

6          If a prospective witness is not incarcerated, and he or she refuses to testify

7  voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must

8  prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

9  witness.  Blank subpoena forms may be obtained from the Clerk of the Court.  Also, the party

10 seeking the witness' presence must tender an appropriate sum of money to the witness through

11 the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of

12 money is the daily witness fee of $40.00 plus the witness' travel expenses.  A subpoena will not

13 be served by the United States Marshal upon an unincarcerated witness unless the subpoena is

14 accompanied by a money order made payable to the witness for the full amount of the witness'

15 travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting

16 plaintiff in forma pauperis status.  As noted earlier, because no statute authorizes the use of

17 public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is

18 required even if the party was granted leave to proceed in forma pauperis.

19         Failure to comply with any portion of this order may result in the imposition of

20 appropriate sanctions, including dismissal of the entire action.  See Local Rule 11-110.

21         Having considered the parties' status reports, the court will set the following

22 schedule:

23         1.      Plaintiff shall file and serve his pre-trial statement, and any motions

24 necessary to obtain the attendance of witnesses at trial, on or before June 9, 2008;

25         2.      Defendants shall file their pre-trial statement on or before June 16, 2008;

26 / / /

4

3.      A pre-trial conference, as described in Local Rule 16-282, shall be conducted by the undersigned on the file only, without appearances, following submission pre-trial statements; and

5.      The matter will be set for trial by separate final pre-trial order following the pre-trial conference on the file.

IT IS SO ORDERED.


DATED:  May 12, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE